IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RICHARD WHITESIDE, BARN
PROPERTIES, AND RICHARD
KIRCHNER,

        Plaintiffs,

vs.                                                                                           1:20-cv-01210-JAP-LF

STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART**
**<u>MOTION TO QUASH SUBPOENA</u>**

THIS MATTER comes before the Court on non-party All Star Public Adjuster, LLC's ("All Star") Motion to Quash Defendant's Subpoena Duces Tecum filed February 8, 2021. Doc. 16. Defendant State Farm File and Casualty Company ("State Farm") filed its response on March 1, 2021. Doc. 18. All Star filed its reply on March 22, 2021. Doc. 20. Having read the parties' briefing and being fully advised, the Court finds that the motion is well taken in part and will GRANT it in part and DENY it in part.

    **I.**        **Background and Procedural Posture**

This case arises from plaintiff's first-party insurance claim following a severe hail and wind event in July of 2018. Doc. 1-2. All Star is not a party to this lawsuit but performed services as a public adjuster[1] for plaintiffs Richard Whiteside, Barn Properties, and Richard Kirchner regarding the incident at issue in this case.

---

[1] A "'public adjuster' means an adjuster who acts or aids, solely in relation to first-party claims arising under insurance contracts that insure the real or personal property of the insured, on behalf of an insured in negotiating for, or effecting the settlement of, a claim for loss or damage covered by an insurance contract." N.M. Stat. Ann. § 59A-13-2(6). New Mexico's Insurance Code regulates contracts between public adjusters and insureds, and requires that public adjusters be licensed. *See* N.M. Stat. Ann. §§ 59A-13-3; 59A-13-15.

State Farm issued a subpoena to All Star which commanded that All Star produce

1.) A copy of any and all records, invoices, estimates, diagrams, photographs and any document relating to the property inspection for the residence located at 4619 9th St. NW, Albuquerque, NM 87107;

and

2.) A copy of any and all files for *any and all claims from 2015 to present for hail, wind, and storm claims* to any residential properties, including homeowners' properties, commercial properties, including any businesses and corporations, that you have worked on in any capacity.  These documents may include but are not limited to: inspections, invoices and estimates, photographs, and correspondence.

Doc. 18-1 at 1 (emphasis in original).  The subpoena had a return date of February 8, 2021.  *Id*.

All Star does not object to the production of the information requested in the first item.  On February 8, 2021, All Star produced photographs of plaintiffs' property, a damage estimate generated by State Farm, a damage estimate generated by All Star, and the agreement/contract letter of representation.  Doc. 18 at 1–2.  The same day, All Star filed its motion to quash.  Doc. 16.  All Star bases its motion to quash on the information requested in the second item on the subpoena.  *See* Doc. 16.  Consequently, the Court will deny the motion to quash the subpoena with respect to the information requested in the first item.

With regard to the information requested in the second item, however, the Court will grant the motion.  All Star objects to the request on the grounds that it is unduly burdensome, overly broad, irrelevant, and serves only to annoy, embarrass, or harass All Star.  Doc. 16 at 2–4.  State Farm counters that All Star's motion is untimely, the request is not unduly burdensome because All Star has inaccurately overstated the number of years requested, and the information is relevant to the issues in this case.  I agree with All Star that the request is overly broad on its face.

2

**II.     Analysis**

A.  <u>All Star's motion was timely filed</u>.

State Farm argues that the Court should deny All Star's motion because it was not timely filed.  Federal Rule of Civil Procedure 45 governs subpoenas issued to nonparties.  Fed. R. Civ. P. 45; *see also* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."); *Simon v. Taylor*, Civ. No. 12-0096 JB/WPL, 2014 WL 6633917, at *14 (D.N.M. Nov. 18, 2014) ("Discovery of non-parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45.").  Rule 45 permits a nonparty served with a subpoena to serve written objections to the subpoena "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B).  A subpoena recipient may also request that the subpoena be quashed or modified "[o]n timely motion" to "the court for the district where compliance is required."  Fed. R. Civ. P. 45(d)(3)(A).  Thus, a nonparty subpoena recipient has "two separate and distinct procedural vehicles for asserting objections to a subpoena," i.e., file objections under Rule 45(d)(2)(B) or file a motion to quash under Rule 45(d)(3), and these two vehicles are "not dependent upon or tied to" one another.  *MetroPCS v. Thomas*, 327 F.R.D. 600, 608 (N.D. Tex. 2018).

"The failure to serve written objections to a subpoena within the time specified by Rule 45(d)(2)(B) typically constitutes a waiver of such objections, as does failing to file a timely motion to quash." *Am. Fed'n of Musicians of the United States & Canada v. Skodam Films*, LLC, 313 F.R.D. 39, 43 (N.D. Tex. 2015) (quoting *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009)) (brackets and quotation marks omitted).  Neither Rule 45(d)(3)(A) nor the Advisory Committee Notes define when a motion to quash a subpoena is "timely."  *In re Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for Use in a Foreign Proceeding*, No. 3:14-MC-0073-G, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015),

*aff'd sub nom. Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573 (5th Cir. 2016). However, courts generally have found such motions timely when filed "within the time set in the subpoena for compliance." *Sines v. Kessler*, 325 F.R.D. 563, 567 (E.D. La. 2018); *accord Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006) ("It is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena."); *MetroPCS*, 327 F.R.D. at 615 (motion to quash was timely when filed the day before document production and presence at deposition were required).

Here, the subpoena issued by State Farm required the documents to be produced on February 8, 2021. Doc. 18-1 at 1 (showing the date and time for production as "2/8/2021 3:50 pm."). All Star produced documents responsive to item number one, and it filed its motion to quash (Doc. 16) on the return date, February 8, 2021. All Star's motion to quash is timely because it was filed by the time specified for compliance. Because All Star chose to file a motion to quash under Rule 45(d)(3) rather than objections under Rule 45(d)(2)(B), any argument regarding the timeliness of objections is irrelevant.

B. <u>Defendant's subpoena is unduly burdensome because the request is overly broad</u>.

All Star argues that the Court should quash State Farm's subpoena because responding to it—specifically the second item—would be unduly burdensome. Doc. 16. All Star asserts that the request is unduly burdensome because it requires All Star to compile information for several years,[3] the request is overly broad and vague, and it seeks information that is not relevant. *See*

---

[3] All Star complains that the subpoena requires All Star to produce information "over the course of six (6) years" (Doc. 16 at 2) and "compile information from eight (8) years of records" (Doc. 16 at 4). As All Star recognizes in its reply, it overstates the breadth of the request. Doc. 20 at 2 (arguing the vague nature of the request regardless of how many years All Star has been in business). The subpoena sought documents from 2015 to the present. Doc. 16-1 at 2; 18-1 at 1. State Farm explains that because All Star was organized in September 2017, it would only be required to provide three and a half years of records. Even if the request is limited to three and a

Docs. 16, 20. State Farm argues that the Court should not quash the subpoena because it requests only three and a half years' worth of records regarding previous storms. Doc. 18 at 3. Further, State Farm contends the information is relevant to show that All Star is potentially biased in evaluating the scope of damage and cost of repairs. *Id.* at 3–4. I agree with All Star that the request is unduly burdensome on its face because it requests voluminous documents that are irrelevant.

The "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Pursuant to Rule 45, a court "must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). "Generally, modification of a subpoena is preferable to quashing it outright." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Where a subpoenaed party asserts undue burden, that party "has the burden to support its objection, unless the request is overly broad on its face." *Stewart v. Mitchell Transp.*, Civ. No. 01-2546 JWL, 2002 WL 1558210, at *4 (D. Kan. July 11, 2002).

"A subpoena to a third party under Rule 45 is subject to the same discovery limitations as those set out in Rule 26." *Quarrie v. Wells*, Civ. No. 17-350 MV/GBW, 2020 WL 4934280, at *2 (D.N.M. Aug. 24, 2020) (quoting *W. Convenience Stores, Inc. v. Suncor Energy (U.S.A.), Inc.*, Civ. No. 11-01611 MSK/CBS, 2014 WL 1257762, at *21 (D. Colo. Mar. 27, 2014)). Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors that pertain to proportionality are

> the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

---

half years, the request is overly broad, and the documents requested are irrelevant, as discussed above.

>importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

*Id*. "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*.

"While the court has considerable discretion with regard to regulating discovery which is exchanged in a lawsuit, discovery from third-parties in particular must, under most circumstances, be closely regulated." *Premier Election Sols., Inc. v. Systest Labs Inc.*, Civ. No. 09-01822 WDM/KMT, 2009 WL 3075597, at *3 (D. Colo. Sept. 22, 2009). "It is generally recognized that a non-party involuntarily embroiled in civil litigation should not be subjected to undue burden or significant expense merely by virtue of having received a subpoena." *New Mexico Oncology & Hematology Consultants, Ltd. v. Presbyterian Healthcare Servs*., Civ. No. 12-526 MV/GBW, 2015 WL 13650053, at *2 (D.N.M. June 3, 2015) (quoting *W. Convenience Stores*, 2014 WL 1257762, at *21). "[W]hen the request is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Johnson v. Kraft Foods N. Am., Inc*., 238 F.R.D. 648, 653 (D. Kan. 2006).

In this case, the subpoena's breadth in seeking all documents regarding all wind, hail, and storm claims All Star has worked on in any capacity "from 2015 through the present" is facially excessive. As State Farm admits, the All Star entity has been organized since September 2017. Doc. 18 at 3. All Star explains, however, that it consists of several public adjusters who have worked in the industry for many years. Doc. 20 at 3. If State Farm was attempting to request documents and information for three and a half years—from the inception of All Star as an entity—it should not have asked for "a copy of any and all files for any and all claims from 2015 to present." *See* Doc. 18-1 at 1. The subpoena's breadth in seeking all documents regarding all wind, hail, and storm claims All Star has worked on in any capacity over the course of nearly six

6

years is facially excessive. *See Exist, Inc. v. E.S.Y., Inc.*, Civ. No. 14-62429, 2015 WL 926003, at *3 (S.D. Fla. Mar. 4, 2015) (finding subpoena to nonparty accountant for six years' worth of financial information was overbroad).

In addition to being overly broad, the information requested by State Farm is irrelevant. State Farm argues that public adjusters are "generally compensated based on a percentage of what an insured receives from the insurance company in a claim," and that "All Star has a relationship with Plaintiff's law firm," such that the information sought, will establish "the extent of that relationship and the common claims made therein." Doc. 18 at 3–4. State Farm contends that the evidence it seeks from All Star could establish potential bias in evaluating the scope of damage and cost of repairs. *See id.* State Farm, however, can show how All Star is compensated based on documents pertaining to the claim in this case. Whether All Star's compensation is based on a percentage of what it receives in handling other claims is not probative to whether it has a bias in this case. Similarly, whether All State has a relationship with the law firm handling plaintiff's claim can be evidenced by information and documents relating to plaintiff's property. State Farm does not need information with regard to other claims to make that showing. Further, the request for information goes well beyond how All Star is compensated and whether it has a relationship with a particular law firm.

State Farm contends that Judge Khalsa's order in *Nelson v. State Farm*, Civ. No. 19-907 RB/KK, Doc. 50—an "unrelated case"—does not apply to this matter. Doc. 18 at 4. I disagree. State Farm urges the Court to disregard Judge Khalsa's order pertaining to a nearly identical subpoena in nearly identical circumstances. *See* Doc. 18 at 4–5. The Court recognizes that the doctrines of res judicata and collateral estoppel[4] do not apply under these circumstances.

---

4

      The doctrine of res judicata, or claim preclusion, will prevent a party from

Nonetheless, Judge Khalsa's rulings and reasoning in *Nelson* are persuasive, and her opinion assists the Court in disposing of the issues in this case. *See United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court particularly agrees with Judge Khalsa that the documents sought by State Farm "raise[ ] the specter of collateral mini-trials regarding the validity of . . . unrelated claims if they are to be used to show that All Star's evaluations are biased." *Nelson v. State Farm*, Civ. No. 19-907 RB/KK, Doc. 50 at 9. The Court further agrees that the subpoena's "overbreadth significantly outweighs the mere possibility that the requested records will show bias on All Star's part." *Id.* at 10. The Court, therefore, will grant All Star's motion in part in that it will limit State Farm's subpoena to documents in All Star's possession, custody or control relating to plaintiff's claims in this case and will quash the subpoena in all other respects.

C. Attorney Fees

All Star requests that State Farm be ordered to pay All Star's costs and attorney's fees associated with the filing of its motion. Doc. 16 at 2. State Farm does not respond to this argument aside from its contention that the Court should deny the motion in its entirety. Doc. 18.

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expenses on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

---

litigating a legal claim that was or could have been the subject of a previously issued final judgment. The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so.

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (internal citation omitted). "Collateral estoppel means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Guttman v. Khalsa*, 669 F.3d 1101, 1109 (10th Cir. 2012) (internal quotation marks and citation omitted).

Fed. R. Civ. P. 45(d)(1).  Here, State Farm has failed to avoid imposing an undue burden on All Star.  First, State Farm had reason to believe from Judge Khalsa's prior ruling in *Nelson* that its request for "any and all files for any and all claims from 2014 to present for hail, wind, and storm claims to any residential properties, including homeowners' properties, commercial properties, including any businesses and corporations, that you have worked on in any capacity" was unduly burdensome.  *See* Doc. 16-2.  Yet State Farm issued the same overbroad request to All Star in this case, changing only the date from 2014 to 2015.  Docs. 16-1 at 2, 18-1 at 1.  Further, State Farm knew that All Star was established in 2017, but it did not limit its subpoena to 2017 through the present.  Under these circumstances, the Court finds that State Farm did not take reasonable steps to avoid imposing undue burden or expenses on All Star.  Consequently, the Court "must enforce this duty and impose an appropriate sanction."  Fed. R. Civ. P. 45(d)(1).  The Court will require State Farm to pay All Star its reasonable attorney's fees and expenses pursuant to Rule 45.

IT IS THEREFORE ORDERED that non-party All Star Public Adjuster, Motion to Quash Defendant's Subpoena Duces Tecum filed February 8, 2021 (Doc. 16) is GRANTED IN PART and DENIED IN PART as follows:

1)  The motion to quash item No. 1 of the subpoena is DENIED.

2)  The motion to quash item No. 2 of the subpoena is GRANTED.

3)  The motion for attorney's fees and costs is GRANTED.  Counsel for All Star will submit a cost bill, including reasonable attorney's fees and costs no later than April 26, 2021.  State Farm will file any objections to All Star's cost bill no later than May 11, 2021.  A reply will not be allowed without the Court's permission.

Laura Fashing
United States Magistrate Judge